

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### OFFICE OF THE CLERK
M. L. KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-3730

CAMDEN OFFICE
ONE JOHN F. GERRY PLAZA
FOURTH & COOPER STREETS
CAMDEN, NJ 08101

TRENTON OFFICE
402 EAST STATE STREET
Room 2020
TRENTON, NJ 08608

William T. Walsh
Clerk

REPLY TO:   Camden

December 15, 2022

U.S.D.C
District of Columbia
United States Courthouse
333 Constitution Avenue N.W.
Washington D.C. 20001
Room 1225

**Re: U.S.A. -v- Peter Krill Jr.**
**Our Docket No. 22-mj-4081(MJS)**
**Your Docket No. 22-mj-0275**

Dear Clerk:

Please be advised that an Initial Appearance was held in the above-captioned case pursuant to Rule 5 of the Federal Rules of Criminal Procedure.  You can obtain the original record by accessing CM/ECF through PACER. Kindly acknowledge receipt on the duplicate of this letter, which is provided for your convenience.

Sincerely,

WILLIAM T. WALSH, Clerk

By:      s/Ryan Sanders
             Deputy Clerk

**RECEIPT ACKNOWLEDGED BY:** _____
**DATE:** _____

DNJ-Crim-004(Rev. 09/06)

## **Instructions for Retrieving Electronic Case Files**

1. Access the CM/ECF website for the District of New Jersey at https://ecf.njd.uscourts.gov

2. Click on:   Link to Electronic Filing System (Live)

3. At the ECF/PACER Login Screen, enter your Court=s PACER Login and Password

4. On the CM/ECF toolbar, choose:

- $  Reports
- $  Docket Sheet
- $  Enter Case Number in the following format: **[06mj1234]**
- $  Run Report

  < To view a document from the docket sheet, click on the blue Aunderlined@ document number;

  < To download, click on File, Save a Copy and save to your specific directory;

  < If the document does not have an underlined document number, it is either:

    $  A text only entry and no document is attached, or
    $  An entry made prior to electronic case filing and the original is enclosed, or
    $  The document included an attachment too large for the electronic case filing system and is enclosed.

If you have any questions, our ECF help-desk telephone numbers are as follows:

  < Camden - 866-726-0726 or 856-757-5285
  < Newark - 866-208-1405 or 973-645-5924
  < Trenton - 866-848-6059 or 609-989-2004

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Peter Krill, Jr. | ) | Case No. |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*                                      Peter Krill, Jr.                                       ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☒ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) and (2) - Entering and Remaining in a Restricted Building or Grounds and Disorderly and
Disruptive Conduct in a Restricted Building or Grounds
40 U.S.C. § 5104(e)(2)(D) and (G) - Disorderly Conduct in a Capitol Building and Parading, Demonstrating, or
Picketing in a Capitol Building
18 U.S.C. § 111(a)(1) - Forcibly Assaulting, Resisting, Opposing, Impeding Federal Officers
18 U.S.C. § 231(a)(3) - Civil Disorder

Date:     12/14/2022

Robin M. Meriweather    Digitally signed by Robin M. Meriweather
                        Date: 2022.12.14 21:01:19 -05'00'
_____
*Issuing officer's signature*

City and state:     Washington, D.C.                    Robin M. Meriweather, U.S. Magistrate Judge
                                                        *Printed name and title*

---

| Return |
|---|
| This warrant was received on *(date)*  12/14/22 , and the person was arrested on *(date)*  12/15/22 at *(city and state)*                   at ▮▮▮▮▮▮▮ Sewell, NJ 08080. |
| Date:  12/15/22                          _____ |
| 1065                                          *Arresting officer's signature* |
|                                              Special Agent Jason Novick |
|                                              *Printed name and title* |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| United States of America | ) | Case: 1:22-mj-00275 |
| v. | ) | Assigned to: Judge Meriweather, Robin M. |
| Peter Krill, Jr. | ) | Assign Date: 12/14/2022 |
| | ) | Description: COMPLAINT W/ ARREST WARRANT |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the _____ in the District of ____Columbia____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1752(a)(1) and (2) , | |
| 40 U.S.C. § 5104(e)(2)(D) and (G), | |
| 18 U.S.C. § 111(a)(1), | |
| 18 U.S.C. § 231(a)(3). | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
_Complainant's signature_

Jason D. Novick, Special Agent
_Printed name and title_

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: ____12/14/2022____

Robin M. Meriweather

Digitally signed by Robin M. Meriweather
Date: 2022.12.14 14:01:52 -05'00'

_Judge's signature_

City and state: ____Washington, D.C.____

Robin M. Meriweather, U.S. Magistrate Judge
_Printed name and title_

Case: 1:22-mj-00275
Assigned to: Judge Meriweather, Robin M.
Assign Date: 12/14/2022
Description: COMPLAINT W/ ARREST WARRANT

## STATEMENT OF FACTS

Your affiant, Jason Novick, is a Special Agent assigned to the Federal Bureau of Investigation – Philadelphia Division South Jersey Resident Agency. In my duties as a Special Agent, I am responsible for investigating violations of federal law and threats to U.S. national security. Currently, I am a tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of violations of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Thousands of people made their way inside the perimeter of the Capitol grounds and approached the Capitol building. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

Beginning on or about January 7, 2021, investigative agencies began receiving tips, reviewing video, and researching open-source materials. Multiple tips and open-source information identified PETER MICHAEL KRILL, JR. ("KRILL") as possibly being involved in the events at the Capitol on January 6, 2021.

In January 2021, a tipster ("Tipster-1") reported to the FBI's online tip submission system that he/she viewed a video posted to TikTok by user @petekrilldontgiveafuck, which appeared to have been taken during the January 6 riot at the U.S. Capitol. The FBI was able to locate and view this video on a publicly available online social media platform. Image #1 below is a screen shot of that video:



*Image #1*

The video is 53 seconds long. Based on my training, experience, and ongoing investigation of the January 6, 2021 riot, I am familiar with the U.S. Capitol Building and its surroundings. I recognize the video as depicting the scene on the north side scaffolding of the U.S. Capitol Building at approximately 2:28 p.m. EST on January 6, 2021, an area where members of the general public were not permitted to be.

In September 2021, a different tipster ("Tipster-2") reported to the FBI's National Threat Operations Center that an individual, known to Tipster-2 as "Pete," had videos on his phone from inside the U.S. Capitol building. Tipster-2 stated that he/she obtained this information from his/her co-workers. Tipster-2 informed the FBI that "Pete" owned a construction company called PMK Construction. Based on open-source research, the FBI determined that PMK Construction was operated by PETER MICHAEL KRILL, JR., a resident of Sewell, New Jersey. Tipster-2 was shown the driver's license photo for KRILL and positively identified the individual depicted as "Pete."

In July 2022, the FBI obtained subscriber information for the TikTok account that posted the video whose screen shot is depicted in Image #1. According to the information provided by TikTok, phone number (***)***-2979 was listed as the phone number used to register the TikTok account. Also in July 2022, the FBI obtained subscriber information for phone number (***)***-2979 which indicated that the subscriber was a woman known to the FBI to be KRILL's wife based on social media and motor vehicle registration information. Additionally, the home address listed on the subscriber information was KRILL's residence in New Jersey as listed on his driver's license. An open-source search for PMK Construction also listed (***)***-2979 as the contact phone number for the company.

Cell site data for telephone number (***)***-2979 was obtained from the phone provider. That data showed that the device associated with that telephone number was located in the vicinity of the U.S. Capitol building on the afternoon of January 6, 2021.

Internet Protocol ("IP") session history data provided by TikTok showed that throughout the day on January 6, 2021, TikTok account @petekrilldontgiveafuck was accessed from IP addresses located in Washington, D.C. and assigned to the account by T-Mobile. Based on my training and experience and my familiarity with mobile communication technology, I believe this to mean that a device associated with cellular telephone number (***)***-2979 was used to access TikTok account @petekrilldontgiveafuck from Washington, D.C. on January 6, 2021.

The FBI identified and viewed another video posted to TikTok by user @petekrilldontgiveafuck which appeared to have been taken during the January 6 riot at the U.S. Capitol. That video is 24 seconds long and appears to be taken by an individual standing on the north side scaffolding of the U.S. Capitol Building within a few minutes of the video described above. Images #2 and #3 below are screen shots of that video:



*Images #2 and #3*

Law enforcement reviewed other video showing the crowd protesters in front of the west side of the U.S. Capitol and on the scaffolding at approximately the same time as the TikTok video described above. For example, an open-source video appears to show the same approximate area during the same approximate time period of the TikTok video. The open-source video appears to show an individual carrying an American flag and wearing camouflage pants, a blue sweatshirt, a helmet, and goggles standing on the scaffolding with an arm outstretched holding a cell phone. The location of the individual matches the TikTok video described above and shown in Images #2 and #3. Image #4 below is a screenshot from the open-source video, and the individual holding the phone is circled in red. The individual wearing a red coat and gray hat seen in Image #2 above as well as the individual in the pink hooded sweatshirt seen in Image #3 can be seen in Image #4 below. Both of the individuals visible in both videos are identified in yellow squares in Image #4 below. This appears to be approximately the same time KRILL captured Images #2 and #3 above.



*Image #4*

Law enforcement also reviewed images and video from inside the Capitol building. The individual matching the description of the person in the dark sweatshirt holding the phone in Image #4 also appears to match an individual shown in open-source Image #5 below:



*Image #5*

Tipster-2 was shown the photo depicted in Image #5 above and stated that it bore a "strong resemblance" to KRILL.[1]

---

[1] Tipster-2 was also provided with a link to an open-source video in which the individual believed to be KRILL can be seen and heard shouting at law enforcement officers standing behind a barricade on the west side of the U.S. Capitol building. Tipster-2 stated the individual's

On September 28, 2022, I interviewed Witness-1, an individual who has known KRILL for many years. Witness-1 reviewed Image #5 above and identified the individual as KRILL. Witness-1 stated that KRILL is missing his pinky finger on his right hand, and Witness-1 noted that the pinky finger on the right hand of the individual in Image #5 also appears to be missing.

Based on my training and experience, as well as my familiarity with the U.S. Capitol Building gained via my participation in this investigation, I recognize Image #5 as depicting the Capitol Rotunda.

Law enforcement officers reviewed surveillance video from cameras mounted within the U.S. Capitol Building and observed the individual in Image #5 entering the U.S. Capitol Building from the Upper West Terrace door at approximately 2:36 p.m. EST and exiting the U.S. Capitol Building from the east side of the Capitol at approximately 3:23 p.m. EST.

Law enforcement officers also reviewed footage from the body worn cameras ("BWC") of Metropolitan Police Department (MPD) officers present at the U.S. Capitol on January 6, 2021. I reviewed the footage from the BWC of MPD Officer T.T., who was located in a group of law enforcement officers on the West side of the U.S. Capitol stationed behind a protective barricade separating the officers from a group of protesters on the other side. At approximately 1:35 pm, KRILL can be seen in the BWC footage grabbing the barricade and pulling it away from the officers, briefly allowing a group of protesters to push into the officers before being pushed back behind the barricade. Image #6 below is a screen shot from Officer T.T.'s BWC showing the moment KRILL grabs the barricade.



*Image #6*

voice did not sound like KRILL's; however, Tipster-2 stated he/she was "hard of hearing" in one ear and had difficulty discerning voices, especially when there is ambient noise as was the case in the video reviewed by Tipster-2.

Based on the foregoing, your affiant submits that there is probable cause to believe that KRILL violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that KRILL violated 40 U.S.C. § 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

Your affiant submits there is also probable cause to believe that KRILL violated 18 U.S.C. § 111(a)(1), which makes it a crime for anyone to forcibly assault, resist, oppose, impede, intimidate, or interfere with any United States law enforcement officer while that officer is engaged in the performance of their official duties.

Finally, your affiant submits that there is probable cause to believe that KRILL violated 18 U.S.C. § 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of Section 231 of Title 18, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or

employee thereof. This includes the Joint Session of Congress where the Senate and House count Electoral College votes.

Jason Novick
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 14th day of December 2022.

Robin M.
Meriweather

Digitally signed by Robin M. Meriweather
Date: 2022.12.14 14:05:16 -05'00'

ROBIN M. MERIWEATHER
U.S. MAGISTRATE JUDGE

**18 U.S.C. § 1752(a)(1) – The defendant knowingly entered or remained in any restricted building or grounds without lawful authority to do so**

**18 U.S.C. § 1752(a)(2) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds**
- The defendant knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct;
- In or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions

The maximum penalties for Entering and Remaining in a Restricted Building or Grounds or Disorderly and Disruptive Conduct in a Restricted Building or Grounds are:
- A term of imprisonment of not more than 1 year;
- A term of supervised release of 1 year;
- A term of probation of not more than 5 years;
- A fine not to exceed $100,000; and
- A special assessment of $25

**40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capitol Building**
The defendant willfully and knowingly –
- Utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct
- At any place in the Grounds or in any of the Capitol Buildings
- With the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress

**40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating or Picketing in the Capitol Buildings**
The defendant willfully and knowingly parades, demonstrates, or pickets in any of the Capitol buildings

The maximum penalties for Disorderly Conduct in a Capitol Building and Parading, Demonstrating or Picketing in the Capitol Buildings are:
- A term of imprisonment of not more than 6 months;
- A term of probation of not more than 5 years;
- A fine not to exceed $5,000; and
- A special assessment of $10

## 18 U.S.C. § 111(a)(1) – Assaulting/Resisting/Impeding a Federal Officer with Physical Contact

- The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer or employee of the United States
- The defendant did so with some use of force
- The defendant did so while the officer was engaged in or on account of official duties
- The defendant acted intentionally
- And the defendant's acts involved physical contact with the victim of that assault

The maximum penalties for Assaulting, Resisting, or Impeding Certain Officers are:
- A term of imprisonment of not more than 8 years;
- A term of probation of supervised release of not more than 3 years;
- A fine not to exceed $250,000; and
- A special assessment of $100

## 18 U.S.C. § 231(a)(3) – Civil Disorder

- The defendant committed or attempted to commit an act to
- Obstruct, impede, or interfere with a law enforcement officer carrying out his or her duties;
- Incident to and during a civil disorder; and
- The civil disorder in any way adversely affects: commerce or the movement of any article or commodity in commerce; or the conduct or performance of a federally protected function

The maximum penalties for Civil Disorder are:
- A term of imprisonment of not more than 5 years;
- A term of supervised release of not more than 3 years;
- A fine not to exceed $250,000; and
- A special assessment of $100

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### Minutes of Proceedings

**OFFICE:** CAMDEN                                **DATE:** December 15, 2022

**JUDGE MATTHEW J. SKAHILL, U.S.M.J.**

**COURT REPORTER:** Zoom

**OTHER**: Acheme Amali, U.S. Pretrial Services

**TITLE OF CASE:**                                **DOCKET NO. 22-MJ-4081 (MJS)**
UNITED STATES OF AMERICA
 v.
PETER KRILL, JR.

### DEFENDANT PRESENT

**APPEARANCES:**
Diana Carrig, AUSA for Government
Maggie Moy, AFPD for Defendant

**NATURE OF PROCEEDINGS:**     Rule 5 - Initial Appearance via Zoom
All parties consent to proceeding via Zoom videoconference.
Defendant advised of rights, charges and penalties.
Hearing on defendant's application for the appointment of counsel.
Financial affidavit executed on the record.
Ordered application granted.  Maggie Moy, AFPD appointed counsel for defendant.
Defendant waives formal reading of Complaint.
Defendant waives Identity and Preliminary Hearings.
Order re: Rule5(f) read into the record.
Hearing on government's application for bail to be set.
Ordered third-party custodian sworn. Nicole Messenger, sworn.
Ordered application Granted.
Ordered bail to be set at $100,000.00 unsecured appearance bond with conditions.
Ordered defendant to appear at the U.S.D.C.  District of Columbia on 12/22/22 .
Order Setting Conditions of Release to be entered. Ordered defendant released after processing.


*s/Ryan Sanders*
**DEPUTY CLERK**

**TIME COMMENCED:** 1:10 p.m.     **TIME ADJOURNED:** 1:16 p.m.
**TIME COMMENCED:** 3:15 p.m.     **TIME ADJOURNED:** 3:48 p.m.
**TOTAL TIME:** 49 minutes

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

PETER KRILL, JR.,

Defendant.

Mag No. 22-4081(MJS)

**ORDER**

Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, and as set forth on the record during the initial appearance of the defendant on this __15__ day of __December__, 2022, in the presence of both the prosecutor and defense counsel in this matter, the Court confirms the United States' continuing obligation to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and orders it to do so. Failing to do so in a timely manner may result in consequences, including, but not limited to, the Court's order to produce information, the granting of a continuance, the exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

_____
Hon. Matthew J. Skahill
United States Magistrate Judge

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
_____ District of _____

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| _____ | ) | Charging District's Case No. |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
## (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____
_____ .

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

❏     an identity hearing and production of the warrant.

❏     a preliminary hearing.

❏     a detention hearing. I AM REQUESTING A BAIL/DETENTION HEARING IN THE DNJ

❏     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my
          ❏ preliminary hearing and/or ❏ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
### for the
District of New Jersey

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| PETER KRILL, JR. | ) | Case No.  22-mj-4081 (MJS) |
| | ) | |
| *Defendant* | ) | |

## APPEARANCE BOND

### Defendant's Agreement

I, _____PETER KRILL, JR._____ *(defendant)*, agree to follow every order of this court, or any
court that considers this case, and I further agree that this bond may be forfeited if I fail:

       ( ✕ )    to appear for court proceedings;

       ( ✕ )    if convicted, to surrender to serve a sentence that the court may impose; or

       ( ✕ )    to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1)  This is a personal recognizance bond.

( ✕ ) (2)  This is an unsecured bond of $  100,000.00_____ .

(   ) (3)  This is a secured bond of $ _____ , secured by:

    (   ) (a) $ _____ , in cash deposited with the court.

    (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property
            *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of
            ownership and value)*:


            If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:


### Forfeiture or Release of the Bond

*Forfeiture of the Bond.*  This appearance bond may be forfeited if the defendant does not comply with the above
agreement.  The court may immediately order the amount of the bond surrendered to the United States, including the
security for the bond, if the defendant does not comply with the agreement.  At the request of the United States, the court
may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including
interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)     all owners of the property securing this appearance bond are included on the bond;
(2)     the property is not subject to claims, except as described above; and
(3)     I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.


I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)


Date:   12/15/2022
_____
*Defendant's signature*


_____        _____
*Surety/property owner – printed name*          *Surety/property owner – signature and date*


_____        _____
*Surety/property owner – printed name*          *Surety/property owner – signature and date*


_____        _____
*Surety/property owner – printed name*          *Surety/property owner – signature and date*


CLERK OF COURT

Date:   12/15/2022
_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date:   12/15/2022
_____
*Judge's signature*

AO 199A (Rev. 06/19) Order Setting Conditions of Release

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| PETER KRILL, JR. | ) |
| | ) |
| _Defendant_ | ) |

Case No.   22-mj-4081 (MJS)

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _Dec. 22 District of Columbia and/or as_

_directed by the Court._

_Place_

on _____

_Date and Time_

If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☑ ) (6) The defendant is placed in the custody of:

Person or organization *Nicole Messenger, third party custodian*

Address *(only if above is an organization)*

City and state *West Berlin      NJ*                                    Tel. No.

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____

Custodian                                    Date

( ☑ ) (7) The defendant must:

( ☑ ) (a) submit to supervision by and report for supervision to the *Pretrial Services*, telephone number _____, no later than _____.

( ☑ ) (b) continue or actively seek employment.

( ☑ ) (c) continue or start an education program.

( ☑ ) (d) surrender any passport to: *Pretrial Services*

( ☑ ) (e) not obtain a passport or other international travel document.

( ☑ ) (f) abide by the following restrictions on personal association, residence, or travel: *New Jersey and Washington D.C. for atty and court visits. Any travel out of NJ must be pre-approved by Pretrial Services.*

( ☑ ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: *any victims or witness*

( ☑ ) (h) get medical or psychiatric treatment: *as directed by Pretrial Services*

( ☐ ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

( ☐ ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( ☑ ) (k) not possess a firearm, destructive device, or other weapon, *or any explosive device*

( ☑ ) (l) not use alcohol ( ☑ ) at all ( ☐ ) excessively.

( ☑ ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ☑ ) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

( ☑ ) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

( ☐ ) (p) participate in one of the following location restriction programs and comply with its requirements as directed.

( ☐ ) (i) Curfew. You are restricted to your residence every day ( ☐ ) from _____ to _____, or ( ☐ ) as directed by the pretrial services office or supervising officer; or

( ☐ ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

( ☐ ) (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or

( ☐ ) (iv) Stand Alone Monitoring. You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.

Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

AO 199B (Rev. 12/20) Additional Conditions of Release

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ ) (q) submit to the following location monitoring technology and comply with its requirements as directed:
    ( ☐ ) (i)   Location monitoring technology as directed by the pretrial services or supervising officer; or
    ( ☐ ) (ii)  Voice Recognition; or
    ( ☐ ) (iii) Radio Frequency; or
    ( ☐ ) (iv) GPS.

( ☐ ) (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☐ ) (s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ ) (t) - do not return to 1065 Main St. Sewell NJ 08080 unless approved by the Court

- report any contact with law enforcement

- surrender all firearm purchase Id cards and permits to Pretrial Services

- remove all firearms from 1065 Main St, Sewell NJ 08080 and explosive devices

- Reside at the third party custodian's residence

AO 199C  (Rev. 09/08)  Advice of Penalties

Page __4__ of __4__ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Cherry Hill, NJ
_____
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.

( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: ____12/15/2022____

_____
*Judicial Officer's Signature*

Matthew J. Skahill, U.S. Magistrate Judge
_____
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CRIMINAL DOCKET FOR CASE #: 1:22-mj-04081-MJS-1

Case title: USA v. KRILL

Date Filed: 12/15/2022

Date Terminated: 12/15/2022

Assigned to: Magistrate Judge Matthew J. Skahill

### Defendant (1)

**PETER KRILL, JR.**
*TERMINATED: 12/15/2022*

represented by **MAGGIE F. MOY**
OFFICE OF FEDERAL PUBLIC
DEFENDER
800-840 COOPER STREET
SUITE 300
CAMDEN, NJ 08102
(856) 757-5341
Email: maggie_moy@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:1752.P TEMPORARY RESIDENCE OF THE PRESIDENT | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **DIANA V. CARRIG**<br>OFFICE OF THE US ATTORNEY<br>US POST OFFICE BUILDING<br>401 MARKET STREET<br>4TH FLOOR<br>CAMDEN, NJ 08101<br>(856) 757-5026<br>Email: diana.carrig@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/15/2022 | | Arrest (Rule 5) of PETER KRILL, JR (rss, ) (Entered: 12/15/2022) |
| 12/15/2022 | 1 | Rule 5 Documents Received as to PETER KRILL, JR (rss, ) (Entered: 12/15/2022) |
| 12/15/2022 | 2 | Minute Entry for proceedings held before Magistrate Judge Matthew J. Skahill:Initial Appearance in Rule 5 Proceedings as to PETER KRILL, JR held on 12/15/2022. All parties consent to proceeding via Zoom videoconference.Defendant advised of rights, charges and penalties. Hearing on defendant's application for the appointment of counsel. Financial affidavit executed on the record. Ordered application granted. Maggie Moy, AFPD appointed counsel for defendant. Defendant waives formal reading of Complaint.Defendant waives Identity and Preliminary Hearings. Order re: Rule5(f) read into the record. Hearing on government's application for bail to be set. Ordered third-party custodian sworn. Nicole Messenger, sworn. Ordered application Granted. Ordered bail to be set at $100,000.00 unsecured appearance bond with conditions. Ordered defendant to appear at the U.S.D.C. District of Columbia on 12/22/22. Order Setting Conditions of Release to be entered. Ordered defendant released after processing. (Court Reporter/Recorder Zoom.) (rss, ) (Entered: 12/15/2022) |
| 12/15/2022 | 3 | ORDER REGARDING USE OF VIDEO CONFERENCING/TELECONFERENCING as to PETER KRILL, JR. Signed by Magistrate Judge Matthew J. Skahill on 12/15/2022. (rss, ) (Entered: 12/15/2022) |
| 12/15/2022 | 5 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to PETER KRILL, JR. MAGGIE F. MOY for PETER KRILL, JR. appointed. Signed by Magistrate Judge Matthew J. Skahill on 12/15/2022. (rss, ) (Entered: 12/15/2022) |
| 12/15/2022 | 6 | BRADY ORDER as to PETER KRILL, JR. Signed by Magistrate Judge Matthew J. Skahill on 12/15/2022. (rss, ) (Entered: 12/15/2022) |
| 12/15/2022 | 7 | WAIVER of Rule 5 Hearings by PETER KRILL, JR. (rss, ) (Entered: 12/15/2022) |
| 12/15/2022 | 8 | ORDER Setting Conditions of Release as to PETER KRILL JR. (1) $100,000.00 (Finance notified). Signed by Magistrate Judge Matthew J. Skahill on 12/15/2022. (rss, ) (Entered: 12/15/2022) |
| 12/15/2022 | 9 | UNSECURED APPEARANCE BOND Entered as to PETER KRILL, JR. in amount of $ 100,000.00 (rss, ) (Entered: 12/15/2022) |
| 12/15/2022 | 10 | Transfer Letter sent to U.S.D.C District of Columbia re: PETER KRILL JR. (rss, ) (Entered: 12/15/2022) |